UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOVIEL CLEVE DWYER,

                      Plaintiff,

           -against-

OFFICER CHRISTOPHER K. BOLEY,
CORRECTIONAL OFFICER; KEVIN C.
ESCHMANN, CORRECTIONAL SERGEANT;
OLGA M.G. FLORES, CORRECTIONAL
OFFICER; RAYMOND LOPEZ, JR.,
CORRECTIONAL SERGEANT; MARTIN G.
LOPEZ, CORRECTIONAL SERGEANT;
MICHEAL POMARICO, CORRECTIONAL
OFFICER; JASON J. SCOTT,
CORRECTIONAL OFFICER; ERIC E.
WILSON, CORRECTIONAL OFFICER;
GEORGE WILSON, CORRECTIONAL
OFFICER; JERRY WILSON,
CORRECTIONAL OFFICER; EDWARD R.
BURNETT, SUPERINTENDENT; JOHN DOE,
NURSE; JOHN DOE, NURSE; JANE DOE,
NURSE,

                      Defendants.

**ORDER OF SERVICE**

25-CV-02480 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

        Plaintiff, who currently is incarcerated at Wende Correctional Facility, brings this action,

*pro se*, under 42 U.S.C. 1983, alleging that on April 10, 2023, when he was incarcerated at

Fishkill Correctional Facility, Defendants subjected him to excessive force and denied him

medical attention. By order dated April 2, 2025, the Court granted Plaintiff's request to proceed

*in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

A.    **Issues with certain Defendants**

1.    **Officer Bullard**

Plaintiff alleges in the body of the complaint that Correctional Officer Bullard was involved in the events occurring at Fishkill Correctional Facility on April 10, 2023, but he does not name Bullard as a Defendant in the caption. In light of Plaintiff's *pro se* status, and clear intention to assert claims against Officer Bullard, the Court directs the Clerk of Court to amend the caption of this action to add Officer Bullard as a Defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Bullard may wish to assert.

2.    **Correctional Sergeants Raymond Lopez, Jr. and Martin G. Lopez; and Correctional Officers Eric E. Wilson, George Wilson, and Jerry Wilson**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

2

prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff sues two sergeants named Lopez and three officers named Wilson, but in the complaint he does not specify how each individual named Lopez or Wilson was involved in these events. The Court therefore dismisses Plaintiff's claims against these Defendants for failure to state a claim but grants him leave to replead his claims against them in an amended complaint.

**B.    Order of Service**

**1.    Identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Burnett, Pomarico, Bullard, Scott, Eschmann, Flores, and Boley through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for these

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**2.    Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision (DOCCS) to identify the three members of the medical staff who saw Plaintiff at Fishkill Correctional Facility on April 10, 2023. It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of DOCCS, must ascertain the identity of each Doe Plaintiff seeks to sue here and the address where the defendant may be served. The New York State Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this Order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the

addresses for the named Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**C.    Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

**D.    Plaintiff's Application for the Court to Request Counsel**

On March 25, 2025, Plaintiff's application requesting that the Court appoint *pro bono* counsel was docketed. (Doc. 4). Plaintiff requests the appointment of *pro bono* counsel at this juncture because, among other things, the issues presented are "novel" and "complex in nature." (*Id.*).

The Second Circuit Court of Appeals, in *Hodge v. Police Officers*, set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d 58 (2d Cir. 1986). Applying the *Hodge* factors, the Court cannot determine at this point whether Plaintiff's claims are "likely to be of substance," as Defendants have yet to be served with the summons and Complaint in this action, and therefore have not yet appeared, answered, or otherwise responded. *Id.* at 61-62. The Court similarly finds a majority of the other *Hodge* factors weigh against granting Plaintiff's application. Plaintiff has not shown (1) that he is unable to investigate the crucial facts or present his case, (2) that this matter will involve complex legal issues,

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

or (3) why appointment of counsel would be more likely to lead to a just determination herein. *Id.* Though Plaintiff does not possess legal training, "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel." *Tramun v. Ocasio*, No. 11-CV-06061, 2012 WL 1142452, at *1 (S.D.N.Y. Apr. 4, 2012). Here, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Greenland v. Municipality of Westchester Cnty.*, No. 18-CV-03157, 2020 WL 4505507, at *4 (S.D.N.Y. Aug. 4, 2020) (cleaned up).

For the foregoing reasons, Plaintiff's request for the appointment of *pro bono* counsel is denied without prejudice to renewal later in the case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

### E.    Referral to City Bar Justice Center

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the court. An informational flyer and a limited scope legal assistance retainer agreement are attached to this order.

## CONCLUSION

The Court dismisses with leave to replead Plaintiff's claims against Correctional Sergeants Raymond Lopez, Jr. and Martin G. Lopez; and Correctional Officers Eric E. Wilson, George Wilson, and Jerry Wilson. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed, under Fed. R. Civ. P. 21, to add Correctional Officer Bullard as a Defendant. An amended complaint form is attached to this complaint.

The Clerk of Court is instructed to issue a summons for Defendants Superintendent Edward R. Burnett; Correctional Sergeant Kevin C. Eschmann; and Correctional Officers Christopher K. Boley, Olga M.G. Flores, Michael Pomarico, Jason J. Scott, and Bullard, complete a USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court denies Plaintiff's request for pro bono counsel, without prejudice to renewal later in the case. The Clerk of Court is directed to terminate the application pending at Doc. 4.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General's Office at: 28 Liberty Street, New York, NY 10005. The Clerk of Court is further directed to mail this Order, and an information package to Plaintiff.

Local Civil Rule 33.2 applies to this case.

SO ORDERED.

Dated:    July 21, 2025
          White Plains, New York

                                                          PHILIP M. HALPERN
                                      United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1.    Correctional Sergeant Kevin C. Eschmann
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

2.    Correctional Officer Christopher K. Boley
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

3.    Correctional Officer Olga M.G. Flores
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

4.    Correctional Officer Michael Pomarico
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

5.    Correctional Officer Jason J. Scott
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

6.    Correctional Officer Bullard
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

7.    Superintendent Edward R. Burnett
      Fishkill Correctional Facility
      18 Strack Drive
      Beacon, New York 12508-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes     ☐ No

(check one)

___ **Civ.** _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant  No. 2        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><b>Who did what?</b></div>

Defendant  No. 4        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><b>What happened to you?</b></div>

_____

_____

_____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

> **Was anyone else involved?**

_____
_____
_____
_____
_____
_____

> **Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.  Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.  Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?

_____

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.  If you did file a grievance, about the events described in this complaint, where did you file the grievance?

_____

1.  Which claim(s) in this complaint did you grieve?

_____

2.  What was the result, if any?

_____

3.  What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

_____

_____

_____

_____

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

_____

_____

_____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*                    5

_____
_____
_____
_____

**VI.     Previous lawsuits:**

<table>
<tr><td>On<br>these<br>claims</td><td></td></tr>
</table>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.      Docket or Index number _____

_____4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>On<br>other<br>claims</td><td></td></tr>
</table>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.      Court (if federal court, name the district; if state court, name the county) _____
_____

_____3.      Docket or Index number _____

_____4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit _____

*Rev. 01/2010*                                           6

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
_____
_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number      _____

Institution Address      _____

_____

_____

_____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse
CBJC Pro Se Legal Assistance Project
40 Foley Sq LL22
New York, NY 10007.**



Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## <u>LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT</u>

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

### I.    LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.

- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.

- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II.    FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III.    TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV.    COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V.    CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI.    REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

_____          _____
Signature                                                                              Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: _____ Date of Birth: _____

Facility: _____ Identification # _____

**How did you hear about our clinic? (circle one)**

Pro Se Intake Office          Website                    Conference/Hearing with the Judge

Pro Se Information Package    Friend/Family              Order/Letter from the Judge

Other: _____

**Do you already have an open case with the federal court? (circle one)    Yes    No**

**If yes, what is your case number?** _____

**If yes, which courthouse is it in? (circle one)        Manhattan              White Plains**

**Ethnicity? (circle one)**

Asian/Pacific Islander       Hispanic                   Caucasian

Black                        Middle Eastern             Decline to answer

African                      Caribbean                  Other:_____

Native American              South Asian

**Gender?** _____

**Education level? (circle one)**

8th grade or less            GED                        2-4 years of college/vocational school

Some high school             College graduate           Decline to answer

High school graduate         Graduate degree

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

U.S. citizen (born in U.S.)      Naturalized U.S. citizen        Legal Permanent Resident

(Born in:_____)

No lawful status            Decline to answer            Other:_____

**Marital status? (circle one)**

Single                              Married

Divorced                           Separated

Widowed                            Decline to answer

**Do you have a disability? (circle all that apply)**

No                      Mental health            Vision

Hearing                 Mobility                 Memory

Homebound               Decline to answer        Other:_____

**What is your primary language?** _____

**LGBTQ+? (circle one)**         Yes          No          Decline to answer

**Veteran?** _____

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**