UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOVIEL CLEVE DWYER,

Plaintiff,

-against-

OFFICER CHRISTOPHER K. BOLEY, et al.,

Defendants.

**ORDER OF SERVICE**

No. 25-CV-02480 (PMH)

PHILIP M. HALPERN, United States District Judge:

On July 21, 2025, the Court issued an order, *inter alia*, directing the New York State Attorney General ("NYAG") to identify the three John/Jane Doe individuals "who saw Plaintiff at Fishkill Correctional Facility on April 10, 2023." (Doc. 8). On October 21, 2025, after an initial extension to respond was granted (Doc. 12), the NYAG filed a letter setting forth the identity and service address of Nurse Practitioner Katie Ngbodi, who, based upon NYAG's investigation, is the likely identity of the Jane Doe "nurse." (Doc. 14). However, at that time, the NYAG was unable to identify the identity of the John Doe individuals. (*Id.*). Accordingly, NYAG requested, and the Court granted, an additional limited extension of time to continue its investigation. (Doc. 19). On November 26, 2025, the NYAG filed a letter setting forth the identities and service addresses of Sergeant David Pisano and Correction Officer Owen Oechsner, who, based upon NYAG's investigation and communications with Plaintiff, are the likely identities of the John Doe "nurse" defendants. (Doc. 21). On January 5, 2026, Plaintiff filed an Amended Complaint, replacing defendants "Jane Doe," "John Doe," and "John Doe" with the newly identified individuals, Nurse Practitioner Katie Ngbodi, Sergeant David Pisano, and Correction Officer Owen Oechsner, respectively. (Doc. 32). Plaintiff also appears to have supplemented the Amended Complaint with

additional information concerning the Defendants identified as Eric E. Wilson, George Wilson, Jerry Wilson, Martin G. Lopez, and Raymond Lopez, Jr. (*Id.*).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

A.    **Issues with certain Defendants**

   1.    **Valentin Order: Correctional Sergeants Raymond Lopez, Jr. and Martin G. Lopez; and Correctional Officers Eric E. Wilson, George Wilson, and Jerry Wilson**

In the initial Order of Service (Doc. 8), the Court dismissed Plaintiff's claims against two sergeants named Lopez and three officers named Wilson, as Plaintiff failed to specify how each individual named Lopez or Wilson was involved in these events. (*Id.* at 2-3). However, the Court granted Plaintiff leave to replead his claims against these Defendants in an amended complaint.

In the Amended Complaint, Plaintiff includes additional allegations concerning the Lopez and Wilson Defendants, but clarifies that there are "multiple Wilson(s) and Lopez(s)" and is unsure which Wilson and which Lopez, respectively, were allegedly involved in the incidents described. (Doc. 32 at 5-6).

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Amended Complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision (DOCCS) to clarify the correct Defendant Wilson (Eric E. Wilson, George Wilson, or Jerry Wilson) and the correct Defendant Lopez (Martin G. Lopez or Raymond Lopez, Jr.). It is therefore ordered that the New York State Attorney General's Office, which is the attorney for and agent of DOCCS, must ascertain the identity of the correct defendants that Plaintiff seeks to sue here and the address where each defendant may be served. The New York State Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this Order.

The Court will deem the Amended Complaint further amended once the proper parties are identified, and if necessary, direct the Clerk of Court to dismiss any defendants improperly named herein. Additionally, the Court will, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the proper Lopez/Wilson Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

B.      **Order of Service**

1.      **Newly Identified Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on defendants Nurse Practitioner Katie Ngbodi, Sergeant David Pisano, and Correction Officer Owen Oechsner through the U.S. Marshals

Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.[1]

If the Amended Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff is reminded that he must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Clerk of Court is directed to issue summonses for Defendants Nurse Practitioner Katie Ngbodi, Sergeant David Pisano, and Correction Officer Owen Oechsner, complete the USM-285 form with the addresses for these defendants, and deliver all documents necessary to effect service on these defendants to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this Order and the Amended Complaint to the New York State Attorney General's Office at: 28 Liberty Street, New York, NY 10005. The Clerk of Court is further directed to mail this Order, and an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] The deadline for service of process upon Defendants Ngbodi, Pisano, and Oechsner is extended until 90 days after the date summonses are issued.

SO ORDERED.

Dated:   White Plains, New York
         January 8, 2026

_____
PHILIP M. HALPERN
United States District Judge

5

## DEFENDANTS AND SERVICE ADDRESS

1.   Nurse Practitioner Katie Ngbodi
     Fishkill Correctional Facility
     18 Strack Drive
     Beacon, NY 12508

2.   Sergeant David Pisano
     Badge # 4266
     Fishkill Correctional Facility
     18 Strack Drive
     Beacon, NY 12508

3.   Correction Officer Owen Oechsner
     Retired
     New York State Department of Corrections and Community Supervision
     Office of Counsel
     1220 Washington Avenue, Building 4
     Albany, NY 12226