UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOVIEL CLEVE DWYER,

                        Plaintiff,

           -against-

OFFICER CHRISTOPHER K. BOLEY, et al.,

                     Defendants.

**ORDER OF SERVICE**

No. 25-CV-02480 (PMH)

PHILIP M. HALPERN, United States District Judge:

On March 6, 2026, the Court issued a new Order of Service, directing the U.S. Marshals Service to effect service on the newly added defendants, CO George Wilson and CS Raymond Lopez, Jr. (Doc. 41). On April 13, 2026, however, the Court received a Marshal's Process Receipt and Return of Service form, indicating that service on Defendant Lopez, Jr. was unexecuted. (Doc. 48). On April 23, 2026, counsel for defendants filed a letter advising the Court of an updated service address for Defendant Lopez, Jr. (Doc. 51).

Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on defendant CS Raymond Lopez, Jr. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further

instructed to issue summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.[1]

If the Second Amended Complaint is not served within 90 days after the date summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff is reminded that he must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Clerk of Court is directed to issue summons for CS Raymond Lopez, Jr., complete the USM-285 form with the updated address for this defendant, and deliver all documents necessary to effect service on this defendant to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this Order and the Second Amended Complaint to the New York State Attorney General's Office at: 28 Liberty Street, New York, NY 10005. The Clerk of Court is further directed to mail this Order, and an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] The deadline for service of process upon Defendant Lopez, Jr. is extended until 90 days after the date the summons is issued.

SO ORDERED.

Dated:   White Plains, New York
         April 23, 2026

_____
PHILIP M. HALPERN
United States District Judge

3

**DEFENDANT AND SERVICE ADDRESS**

1.     CS Raymond Lopez, Jr.
       DOCCS Office of Counsel
       1220 Washington Avenue
       Building 4
       Albany, New York 12226